## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK BOZMAN | : | CIVIL ACTION |
| 206 Mulberry St. | : | |
| Milton, DE 19968 | : | |
| | : | |
| Plaintiff, | : | CASE NO.: |
| v. | : | |
| | : | |
| MAIN LINE COMMERCIAL POOLS, INC. | : | |
| 441 Feheley Dr. | : | |
| King of Prussia, PA 19406 | : | |
| and | : | |
| MAIN LINE DISTRIBUTORS, INC. D/B/A | : | |
| MAIN LINE COMMERCIAL POOLS | : | |
| 441 Feheley Dr. | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Patrick Bozman (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against Mainline Commercial Pools, Inc. and Mainline Distributors, Inc. d/b/a Main Line Commercial Pools (hereinafter collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

retaliation, culminating in his termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2.      Plaintiff resides in and is a citizen of Delaware.

3.      Upon information and belief, Main Line Commercial Pools, Inc. is incorporated under the laws of Pennsylvania with headquarters and/or principal place of business in the same, rendering it a citizen of Pennsylvania.

4.      Upon information and belief, Main Line Distributors, Inc. d/b/a Main Line Commercial Pools is incorporated under the laws of Pennsylvania with headquarters and/or principal place of business in the same, rendering it a citizen of Pennsylvania.

5.      This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Delaware and Defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000.

6.      This Court also has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA.

7.      There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

8.      This Court may properly maintain personal jurisdiction over Defendants because Defendants contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v.</u> <u>Washington</u>, 326 U.S. 310 (1945) and its progeny.

9.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit under the ADA within ninety (90) days of receiving a right-to-sue letter from the EEOC.

<u>**PARTIES**</u>

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is an adult individual, with an address as set forth in the caption.

12.     Defendants Main Line Commercial Pools, Inc. is a construction and service company for commercial aquatic facilities in the Mid-Atlantic region.

13.     Defendants Main Line Distributors, Inc. d/b/a Main Line Commercial Pools is owned and operated by the same individuals that own and operate Defendants Main Line Commercial Pools, Inc. and engages in the same type of business as such.

14.     Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, the above entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management such that they may be treated as a single and/or joint employer for purposes of the instant action.

15.    At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

16.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.    Plaintiff was hired by Defendants on or about May 11, 2024, as a Startup Technician.

18.    Plaintiff remained in the position of a Startup Technician until he was unlawfully terminated from Defendants on or about May 9, 2025, for reasons discussed *infra*.

19.    At all times relevant herein, Plaintiff was supervised by different Foreman's at the varying job sites he was assigned to work.

20.    At the time of his termination, he was supervised by Defendants' Foreman, Dan Meister (hereinafter "Meister").

21.    Throughout Plaintiff's employment with Defendants, he suffered from (and continues to suffer from) health problems, namely Hepatitis C and other complications stemming therefrom, including unknown weight gain and abnormal emotional regulation.

22.    Plaintiff notified Defendants, including Defendants' Co-Owner, Michael Grimes (hereinafter "M. Grimes"), Project Manager, Scott Worthington (hereinafter "Worthington"), Director of Human Resources, Lori Grimes (hereinafter "L. Grimes") about his aforesaid health issues and that he was undergoing testing and other procedures related to the same and to determine the possibility of other contributing serious medical conditions (such as cancer).

23.     As a result of his medical conditions, Plaintiff requested intermittent time off from M. Grimes, Worthington, and L. Grimes to attend doctor's appointments and undergo testing.

24.     Plaintiff was informed by L. Grimes that his time off should not be a problem, so long as Plaintiff tried to schedule his doctor's appointments for Fridays, as Defendants typically scheduled Plaintiff off work on Fridays.

25.     While Plaintiff tried his hardest to schedule medical appointments on Fridays, he (understandably) was not always able to do so (due to Doctor availability) and therefore still required intermittent time off.

26.     Plaintiff, to the best of his ability, notified Defendants in advance if he required intermittent time off for his appointments which often only required Plaintiff to need a few hours off in the mornings.

27.     On or about May 1, 2025, Plaintiff reported to work and had just started a new prescription liver medication for his aforesaid diagnosis.

28.     Plaintiff took the medication during lunch (as he was instructed by his doctor to take it with food) and unfortunately suffered some negative side effects from the medication towards the end of his shift.

29.     Negative side effects of the medication that Plaintiff was prescribed and took on May 1, 2025, can include drowsiness.

30.     Towards the end of Plaintiff's shift on or about May 1, 2025, Plaintiff notified his foreman, Meister, that he had taken the aforesaid medication and that it was making him feel drowsy to the point he was having trouble keeping his eyes open.

31.    Additionally, Plaintiff informed Meister that he would not be taking this medication during the day moving forward due to its side effects.

32.    Meister did not seem to have an issue with Plaintiff's aforesaid statement and did not question Plaintiff further.

33.    Plaintiff returned to work the next day, on or about May 2, 2025, and worked the entire day.

34.    Then, on or about Monday, May 5, 2025, Plaintiff was informed that on Thursday (May 1, 2025), it was reported that there was reasonable suspicion that he was under the influence.

35.    Plaintiff was further notified that he could not return to work until he underwent a drug test and that the drug test would have to come back negative before he would be allowed to come back to work.

36.    Plaintiff immediately notified L. Grimes of the circumstances surrounding the day in question, including that he had just started a new liver medication related to his aforesaid diagnosis, and screenshotted her his prescription and the side effects of same.

37.    L. Grimes responded by again informing Plaintiff that once the negative drug test came back, he could return to work.

38.    However, while Plaintiff was waiting for the drug test results, he was terminated from employment with Defendants.

39.    Plaintiff was informed by L. Grimes that the reason for his termination was that he had "a lot of medical stuff going on" and that they were going to have to let him go.

40.    When applying for unemployment benefits, Defendants shifted the reason of his termination and reported to the Pennsylvania Department of Labor that Plaintiff was "laid off

due to lack of work" (presumably because they knew putting in writing their discriminatory/retaliatory reason for Plaintiff's termination would subject Defendants to liability).

41.    Plaintiff was undoubtedly terminated for reasons associated with his medical conditions, in retaliation for requesting reasonable accommodations, because they did not want to further accommodate him and/or because Defendants perceived him to be disabled.

42.    Based on the foregoing, Plaintiff believes and avers that he was ultimately terminated from his employment with Defendants in violation of state and federal law.

**Count I Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; & [3] Failure to Accommodate)**

43.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.    Plaintiff believes and avers that his actual, perceived, or record of disabilities were a motivating or determinative factor in Defendants' decision to terminate his employment.

45.    Plaintiff also believes and avers that his reasonable requests for medical accommodations were the cause of Defendants' decision to terminate his employment.

46.    Lastly, Plaintiff believes and avers that he was terminated as a direct result of Defendants' failure to engage in the interactive process and accommodate him.

47.    Plaintiff asserts that Defendants' decisions (discussed *supra*) were made in violation of the ADA for discriminatory/and or retaliatory reasons.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendants is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: February 19, 2026

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Patrick Bozman | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Main Line Commercial Pools, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| 2/19/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.* ***Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BOZMAN, PATRICK

**DEFENDANTS**
MAIN LINE COMMERCIAL POOLS, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff  Sussex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  2/19/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____